

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,298-01

### EX PARTE JUSTIN WADE SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-2531-CR-A IN THE SECOND 25TH DISTRICT COURT
### FROM GUADALUPE COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to forty years' imprisonment without the possibility of parole. The Fourth Court of Appeals affirmed the conviction. *Smith v. State*, No. 04-12-00213-CR, 397 S.W.3d 765 (Tex. App.—San Antonio 2013).

Applicant raises many claims in his habeas application. Regarding some of his claims, he has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Patterson*, 993 S.W.2d 114 (Tex. Crim. App. 1999).

Applicant alleges that he is actually innocent of the second aggravated sexual assault underlying his conviction for continuous sexual abuse of a child. *Ex parte Elizondo*, *supra*. He complains that he told his trial counsel that there were records showing that he was traveling in his semi-truck on the date the victim alleged the second incident occurred (i.e., trucking logs, a California traffic citation, and a California parking citation) but that counsel failed to investigate to obtain these records and present them to the jury. *Strickland*, *supra*. Applicant provides records in support. According to the direct appeal opinion, "[T]here was some confusion as to the date of the second incident of abuse. [The victim] indicated she had some trouble recalling events and her testimony suggests two different time periods." *Smith*, *supra*, at 769. Trial counsel has not responded, the State did not provide an answer, and there are no findings from the trial court.

Applicant complains that trial counsel failed to object to the State's leading of witnesses throughout trial, for vouching for the victim's credibility at closing, for telling the jury at closing that other witnesses were not telling the truth, and for telling the jury at closing that it should have watched a video that was not admitted into evidence. *Strickland*, *supra*. Trial counsel has not responded, the State did not provide an answer, and there are no findings from the trial court.

Applicant complains that trial counsel failed to request a lesser-included instruction for indecency with a child by contact. *Strickland*, *supra*. Trial counsel has not responded, the State did not provide an answer, and there are no findings from the trial court.

Applicant complains that trial counsel failed to object to testimony from witness Moreno, who he claims "basically alleged that Applicant was acting inappropriately to the complainant," but there was, according to Applicant, no notice of the alleged extraneous act, and it was not supported by any other evidence at trial. According to the direct appeal opinion: "[The witness] testified at trial

that she witnessed [the victim] appearing very uncomfortable around [Applicant] on one occasion when she was visiting [the victim] at [her] aunt's house in April of 2009. [The witness] testified she saw [Applicant] put a blanket over himself and [the victim] and that [the victim] appeared to be very shaky and scared of [Applicant]." *Smith*, *supra*, at 772. Trial counsel has not responded, the State did not provide an answer, and there are no findings from the trial court.

Applicant complains that appellate counsel failed to seek a new trial and develop his habeas claims for litigation at a hearing or on direct appeal. Appellate counsel has not responded, the State did not provide an answer, and there are no findings from the trial court.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to provide a response to the claims concerning their representation of Applicant. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding Applicant's ineffective assistance and actual innocence claims. *Strickland*, *supra*; *Ex parte Elizondo*, *supra*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

4

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed: October 23, 2019
Do not publish